# IN THE U.S. DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. SCANLAN and KEVIN J. STEFFEN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MORGAN STANLEY SMITH BARNEY, )<br>LLC and the FINANCIAL INDUSTRY )<br>REGULATORY AUTHORITY, INC. )<br>)<br>)<br>Defendants )<br>) | Civil Action No. |

## COMPLAINT
## (INJUNCTIVE RELIEF)

NOW COME Plaintiffs Timothy J. Scanlan ("*Scanlan*") and Kevin J. Steffen ("*Steffen*"), by their counsel, James A. McGurk, and for their complaint allege:

### *Preliminary Statement*

1. This action is for a temporary restraining order ("***TRO***") and a preliminary injunction to maintain the status quo pending resolution of the motion to consolidate the arbitration proceedings brought by Morgan Stanley Smith Barney, LLC ("***Morgan Stanley***"), before the Financial Industry Regulatory Authority ("***FINRA***") (collectively, "***Defendants***") against Plaintiffs Timothy Scanlan, Case No. 10-3399 and Kevin J.

Steffen, Case No. 10-3396 and pending the final hearing on the Complaint of Scanlan to vacate a default judgment entered against Scanlan on December 3, 2010, in Case No. 10-3399.

### *Jurisdiction and Venue*

2. This court has jurisdiction in this action pursuant to 28 U.S.C. § 1332 (a) in that, as alleged below, plaintiffs Scanlan and Steffen, on the one hand, and defendants Morgan Stanley and FINRA other the other hand, are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events giving rise to the claims occurred in Cook County, IL, specifically, the FINRA Midwest Office at 55 West Monroe Street, Suite 2600, Chicago, IL 60603.

4. This matter is brought pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 10 (a).

### *Parties*

5. Plaintiffs Scanlan and Steffen are brothers-in-law and partners in the Scanlan Group. Both Scanlan and Steffen were previously employed by Morgan Stanley.

6. Both Plaintiffs Scanlan and Steffen are citizens and residents of Wisconsin.

7. Defendant Morgan Stanley Smith Barney, LLC ("***Morgan Stanley***") is

engaged in business as a broker-dealer in securities and is registered as such with the U.S. Securities and Exchange Commission ("*SEC*") and the states of Illinois and Wisconsin, among others, and is a member of FINRA, a securities industry self-regulatory organization ("*SRO*"), registered with the SEC pursuant to section 15A of the Securities Exchange Act of 1934 [15 U.S.C.§ 78 0-3], ("*Exchange Act*") at all relevant times, with an office in Milwaukee, WI and headquarters in New York, NY. Morgan Stanley is a Delaware corporation.

8. Defendant Financial Industry Regulatory Authority, Inc., ("*FINRA*") a Delaware corporation, an SRO created in July, 2007, though the consolidation of the National Association of Securities Dealers, Inc. (the "*NASD*") and the member regulation, enforcement and arbitration functions of the New York Stock Exchange ("*NYSE*"). FINRA is based in Washington, DC and has regional offices around the country, including in Chicago, IL. FINRA has assumed certain industry arbitration procedures formerly handled by NASD. The two arbitration proceedings, *Morgan Stanley v. Scanlan,* No. 10-3399 and *Morgan Stanley v. Steffen, No.* 10-3396, are administered by the Chicago office of FINRA.

### *Background*

9. Scanlan is a native of New York, who graduated from Franciscan University in Stubenville, Ohio, in 1989, with a Bachelor of Science degree and later received an M.B.A. from Franciscan University in 2004. Scanlan's first registered position in the securities industry was with Robert W. Baird & Co. in Milwaukee, WI.

10. After about seven years of production at Robert W. Baird's Milwaukee,

WI office, Scanlan joined his brother-in-law, Steffen, and formed a group with single production number. They were known internally as the "Scanlan Group" at Robert W. Baird & Co. That is, at Baird, all commissions for both Steffen and Scanlan were combined and all expenses for both Steffen and Scanlan were shared between the two.

11. Steffen is a registered representative who has been a financial advisor and account executive since the fall of 2002, initially starting as an account executive with Robert W. Baird & Co. in Milwaukee, WI after his graduation from Franciscan University in Stubenville, Ohio. While at Baird, Steffen joined his brother-in-law, Scanlan, and formed the Scanlan Group which operated under a common production number.

12. On December 1, 2006, both Scanlan and Steffen agreed to join Smith Barney in the Milwaukee, WI office based upon representations made to both of Scanlan and Steffen.

13. Subsequently, Morgan Stanley acquired Smith Barney and the firm was renamed Morgan Stanley Smith Barney, LLC. Both Scanlan and Steffen continued to work in the Milwaukee, WI office of the renamed Morgan Stanley Smith Barney, LLC.

14. Both Scanlan and Steffen were offered and accepted loans from Smith Barney which were forgiven in part on an annual basis. Both Scanlan and Steffen signed promissory notes in connection with the loans.

15. The representations made to Scanlan to induce him and his brother-in-law Steffen (and the Scanlan Group) to join Smith Barney were as follow:

    a. that they would be assigned to a seasoned brokerage assistant who was

experienced in retail work.

b.  that they were "piloting" a new program called the "Welcome Booklet" for new accounts.

c.  that they would be compensated at 40% payout of generated commissions.

16. The representations made by Smith Barney to Scanlan and to Steffen to induce them to join Smith Barney, were false. The brokerage assistant who was assigned to their group had previously worked in institutional sales and was totally unfamiliar with retail work resulting in substantial problems and lost business. The Smith Barney "Welcome Booklet" method that was used for new accounts was very confusing to customers and resulted in delays and serious customer relations problems. The 40% payout rate, despite being set forth explicitly in Scanlan's and Steffen's contracts, was unilaterally cut back to 35% pay out rate after 12 months, in violation of the contract. When asked why the commission rate had been cut, the group was advised in a statement to Steffen that the policy of Smith Barney was to reduce the rate after 12 months.

17. The reduction in the commission rate, and the other misrepresentations, has caused Scanlan and Steffen to incur damages in excess of $50,000.

18. Both Scanlan and Steffen left Morgan Stanley as a group and joined another broker dealer in Milwaukee, Wisconsin on March 31, 2010.

*The Morgan Stanley Arbitrations filed on 7/27/2010*
*Morgan Stanley v. Steffen, No. 10-33396*
*Morgan Stanley v. Scanlan, No. 10-3399*

19. On July 27, 2010, Morgan Stanley filed an arbitration statement of claim before FINRA against Steffen seeking an award of $187,354.00 plus a per diem of

$47.48 and attorneys fees. The case was assigned FINRA case number 10-3396. A copy of that arbitration statement of claim is attached as Exhibit A.

20. On the same day, July 27, 2010, Morgan Stanley filed an arbitration statement of claim before FINRA against Scanlan seeking an award of $277,649 plus per diem of $70.36 plus attorneys' fees. The case was assigned FINRA case number 10-3399. A copy of that statement of claim is attached as Exhibit B.

21. Both cases were filed under FIRNA Rule 13806, "Promissory Note Proceedings." That Rule was enacted to permit firms to obtain expedited treatment of claims against financial advisors who had signed notes and which did not include counter-claims against the brokerage firms.

22. Both cases were assigned to the Chicago office of FINRA for administration.

23. On September 22, 2010, counsel for Scanlan and Steffen, the firm of the Law Offices of Stuart D. Meissner, LLC, New York, NY, filed an appearance and obtained an extension of time to November 5, 2010, to file an answer after contacting counsel for Morgan Stanley. A copy of that appearance is attached as Exhibit C.

24. On October 28, 2010, the prior counsel for Respondents, the Law Offices of Stuart D. Meissner, LLC, withdrew its appearance for Scanlan and Steffen. A copy of the October 28, 2010 letter of prior counsel is attached as Exhibit D.

25. On November 19, 2010, present counsel for Scanlan and Steffen, James A. McGurk, filed his appearance in the two arbitration proceedings, 10-3396 and 10-3399. A copy of the November 19, 2010, letter is attached as Exhibit E.

26. On November 19, 2010, Scanlan and Steffen through counsel, filed a motion to consolidate the Steffen and Scanlan proceedings in a single proceeding. A copy of that Motion is attached as Exhibit F.

27. The Respondents filed an opposition to the motion to consolidate the proceedings on November 29, 2010. A copy of that opposition is attached as Exhibit G. The motion has not yet been resolved. That matter has been assigned to Arbitrator Thorpe.

28. On December 3, 2010, a single arbitrator, Arbitrator Lundberg, under FINRA Rule 13806, issued an award in favor of Morgan Stanley against Scanlan in the amount of $277,649.00 plus interest and attorneys fees of $2,823.50 and costs of $1,000. A copy of that award is attached as Exhibit H.

29. On December 23, 2010, a motion was filed by Scanlan to vacate the decision entered on December 3, 2010. A copy of that motion is attached as Exhibit I.

30. On December 23, 2010, Defendant Morgan Stanley filed an opposition to the motion to vacate. A copy of that response is attached as Exhibit J.

31. On December 22, 2010, Defendant Morgan Stanley filed a letter in which it contended that the motion to consolidate the Steffen and Scanlan proceedings was moot and that Scanlan must make payment by January 3, 2011. A copy of that letter is attached as Exhibit K.

32. On December 28, 2010, Steffen filed his answer to the statement of claim and counter-claim against Morgan Stanley in FINRA Case No. 10-3396. A copy of that answer and counter-claim is attached as Exhibit L.

33. The staff of FINRA has advised counsel for Plaintiffs that, under its interpretation of the FINRA Code, the motion to vacate the award in 10-3399, Morgan Stanley v. Scanlan, cannot be considered by FINRA. Copy of that e-mail message dated December 23, 2010, is attached as Exhibit M.

**Count I**

**(Federal Arbitration Act)**

34. Defendants Scanlan and Steffen hereby incorporate paragraphs 1 through 33 of the Complaint as if fully restated herein.

35. The conduct of Morgan Stanley in seeking to divide the claims brought against Steffen and Scanlan is a violation of FIRNA Rule 13806 which specifically provides that the rule does not apply where the financial advisor has filed a counter-claim. In this proceeding, Steffen has filed a counter-claim in 10-3396 and Scanlan wishes to file an identical counter-claim in 10-3399. Because Steffen and Scanlan were under a common production number at Morgan Stanley, as they had been at their prior firm, the issue of payments of commissions and expenses is inextricably combined in the two proceedings.

36. Under the provisions of the Federal Arbitration Act, an arbitration award may be because the arbitrators "*exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made*", 9 U.S.C. § 10 (a).

37. The Plaintiffs will suffer the irreparable harm if the decision of the Arbitrator in FINRA Case No. 10-3399 is not vacated. Because the two Plaintiff

brothers-in-law were and are partners under a common production number, it is not possible to separate these two proceedings.

38. By proceeding with the claim against Scanlan, 10-3399, while the motion to consolidate the proceeding with the claim against Steffen, 10-3396, was pending, the Defendants Morgan Stanley and FINRA have denied the Defendants right to a full and complete hearing.

WHEREFORE, Plaintiffs Timothy Scanlan and Kevin J. Steffen pray for entry of an order:

(1) Vacating the Award of December 3, 2010 against Scanlan in 10-3399,

(2) Directing that Scanlan be granted leave to file his Answer and Counter-Claim, and

(3) Directing that the proceedings 10-3396 and 10-3399 be consolidated before a three member arbitration panel and that the provisions of FINRA Rule 13806 not be applied in that the Defendants are entitled to full discovery and remedies under the FINRA Code of Arbitration.

Date: December 30, 2010

Respectfully submitted,
Plaintiffs Timothy Scanlan and
Kevin J. Steffen

By:/s/   James A. McGurk
One of their Attorneys

OF COUNSEL:

James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
10 South LaSalle Street
Suite 3300
Chicago, IL 60603
(312) 236-8900
Fax (312) 277-3497

20101230.ScanlanSteffen.ComplainttoVacateDefaultJudgment.ccs.wpd

# INDEX OF EXHIBITS

EXHIBIT LETTER DESCRIPTION

Ex. A    Morgan Stanley Statement of Claim re: Steffen

Ex. B    Morgan Stanley Statement of Claim re: Scanlan

Ex. C    September 22, 2010, Law Offices of Stuart D. Meissner Letter

Ex. D    October 28, 2010, Law Offices of Stuart D. Meissner Letter

Ex. E    November 19, 2010, Law Offices of James A. McGurk Letter

Ex. F    November 19, 2010, Scanlan and Steffen's Motion to Consolidate

Ex. G    November 29, 2010, Morgan Stanley's Opposition to Motion to Consolidate

Ex. H    December 3, 2010, Award Against Scanlan

Ex. I    December 23, 2010, Scanlan's Motion to Vacate

Ex. J    December 23, 2010, Defendant Morgan Stanley's Opposition to Motion to Vacate

Ex. K    December 22, 2010, Defendant Morgan Stanley Letter

Ex. L    December 28, 2010, Steffen's Answer to Statement of Claim and Counter-Claim

Ex. M    December 23, 2010, E-mail Received from Elizabeth Muldoon